IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MITCHELL BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-498-L |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner (Commissioner) issued a final decision denying Plaintiff's applications for disability benefits and supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Tim Leonard referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court affirm the Commissioner's decision.

**I.  Administrative proceedings.**

In his applications for benefits, Plaintiff alleged that his impairments became disabling on December 5, 2010. AR 160. The Social Security

Administration (SSA) denied Plaintiff's claims, and at his request, an Administrative Law Judge (ALJ) conducted a hearing. *Id.* at 61-62; 1-19. In his December 2012 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 55. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 20-23, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, the ALJ will conduct a residual functional capacity (RFC)[1] assessment at step four to determine what Plaintiff can still do despite his impairments. *See* 20 C.F.R. §§

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

404.1545(e), 416.945(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III. Plaintiff's claims.

Plaintiff challenges the ALJ's credibility analysis and his nonsevere impairment assessment. Doc. 11, at 3-9. The undersigned finds no grounds for reversal in either argument.

## IV. Analysis.

### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted). In reviewing the ALJ's opinion, "common sense, not technical perfection, is [the court's] guide."

3

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012). Additionally, the court may find an ALJ's error harmless, if "based on material the ALJ did at least consider (just not properly), [the Court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way[.]" *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

### B. The ALJ's alleged errors in assessing Plaintiff's credibility.

The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 49. Plaintiff focuses on the ALJ's evaluation of his credibility, arguing that the ALJ's analysis was legally insufficient and that substantial evidence did not support it.

#### 1. The ALJ's duty to assess credibility.

As noted above, once an ALJ finds that a claimant has severe impairments, he must take the next step and assess the claimant's RFC. *See supra* § II. The RFC assessment generally requires the ALJ to "make a finding about the credibility of the [claimant's] statements about [his]

4

symptom(s) and [their] functional effects." SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996).

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Wilson*, 602 F.3d at 1144 (brackets, citation, and internal quotation marks omitted).

An ALJ must "consider the entire case record and give specific reasons for the weight given to the individual's statements[.]" SSR 96-7p, 1996 WL 374186, at *4. In doing so, he should closely and affirmatively link his findings with substantial evidence. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). And as long as the ALJ sets forth the evidence that he relies upon in evaluating credibility, he "need not make a 'formalistic factor-by-factor recitation of the evidence.'" *Keyes-Zachary*, 695 F.3d at 1167 (citation omitted). "[C]ommon sense, not technical perfection, is [the court's] guide." *Id.*

## 2. The ALJ's credibility assessment.

Plaintiff alleges that he suffers from disabling pain. Doc. 11, at 6-7. As it involves a credibility analysis, a three-part framework applies to such allegations:

> (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a loose nexus between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Wilson*, 602 F.3d at 1144 (internal quotation marks omitted).

A credibility determination involving a claimant's subjective complaints of pain should account for

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of non-medical testimony with objective medical evidence.

*Id.* at 1145 (internal quotation marks omitted).

Plaintiff urges this Court to reverse because the ALJ's decision, apparently in accord with the standard decision template, sets forth the RFC finding before discussing the factors that go into making that finding, including the credibility determination. Doc. 11, at 3-4 ("The ALJ apparently judged the credibility of the claimant's testimony by comparing it to a pre-

determined RFC. That gets things backwards.") (citing *Bjornson v. Astrue*, 671 F.3d 640, 645-46 (7th Cir. 2012) (corrected citation provided) (footnote omitted)).

The ALJ discussed various credibility factors. In examining the medical records, he considered Plaintiff's medical history and concluded that the "objective findings in this case fail to provide strong support for [Plaintiff's] allegations of disabling symptoms and limitations." AR 49. The ALJ accounted for Plaintiff's post-surgical hardware and degenerative disc disease of the lumbar spine in the RFC's physical restrictions. *Id.* For example, the ALJ noted that after the surgery, despite some tenderness in the upper left extremity, Plaintiff's musculoskeletal system showed a normal joint range of motion without swelling or deformity. *Id.* at 50. He discharged in stable condition. *Id.* The ALJ reasoned that treatment "has been generally successful in controlling those [allegedly disabling] symptoms." *Id.* at 52. And, the ALJ observed Plaintiff ceased working because of a layoff, not because of a medical condition. *Id.* The ALJ also noted that Plaintiff's lumbar spine showed degenerative disc disease. *Id.* And, the ALJ reviewed and considered Plaintiff's mental health history. *Id.* at 50-51. He accounted for Plaintiff's depression, anxiety, and polysubstance abuse in remission in the RFC. *Id.* at 51.

7

In his credibility assessment, the ALJ set forth relevant medical evidence and compared it with Plaintiff's testimony and Function Report. AR 45, 48-52. And while the ALJ did not engage in a "formalistic factor-by-factor recitation of the evidence," he was not required to do so. *Keyes-Zachary*, 695 F.3d at 1167 (citation omitted). Because the undersigned can follow the ALJ's reasoning and can determine that he applied the correct legal standards, the undersigned finds no grounds for reversal. *See id.* at 1166-67; *see also Bales v. Colvin*, 576 F. App'x 792, 800 (10th Cir. 2014) (finding that the ALJ "closely and affirmatively linked" the credibility determination with substantial evidence when she discussed and considered the claimant's subjective testimony and the medical evidence of record).

Plaintiff's "boilerplate" language challenge also fails. The ALJ summed up stating "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." AR 49. But this sentence is clearly meant as a summary statement and is not meant to encapsulate the entire credibility assessment. Indeed, that assessment spans five pages and includes recitation of the medical evidence and Plaintiff's testimony. *Id.* at 48-52. In those pages, the ALJ examines the objective medical evidence, details of various procedures, medications,

counseling, and other treatments Plaintiff received. *Id.* at 49-52. Further, while that one sentence might be a commonly used "boilerplate" sentence, such "boilerplate is problematic only when it appears 'in the absence of a more thorough analysis.'" *Keyes-Zachary*, 695 F.3d at 1170 (citation omitted). Here it does not, and the undersigned finds no grounds for reversal.

### C. The ALJ's nonsevere impairment assessment.

Plaintiff further argues that the "ALJ gave no credence" to Plaintiff's carpal tunnel syndrome (CTS) and hand surgeries. Doc. 11, at 7. He contends that "the ALJ did not consider and discuss [Plaintiff's] dominant hand impairment." *Id.*

An ALJ must "consider the combined effect of all of the [claimant's] impairments without regard to whether any such impairment, if considered separately, would be of such severity" as to warrant an award of benefits. 42 U.S.C. § 423(d)(2)(B); *see also Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (explaining that when "assessing [a] claimant's RFC, the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe").

The ALJ noted Plaintiff's third metacarpal shaft fracture that resulted from a car transmission falling onto his right hand. AR 45. Plaintiff underwent surgery in 2009 and "follow up imaging revealed a plate fixation

across the third metacarpal fracture with good alignment." *Id.* The ALJ acknowledged Plaintiff's CTS diagnosis, treatment, and surgery. *Id.* For each impairment, the ALJ noted that Plaintiff had not received ongoing treatment, and as such, each was nonsevere. *Id.* In formulating the RFC, the ALJ stated he had considered the "entire record" and "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." *Id.* at 48. "[A]n ALJ is not required to discuss every piece of evidence." *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (internal quotation marks omitted). And when an "ALJ indicates he has considered all the evidence[, the court's] practice is to take the ALJ at his word." *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir.2009) (internal quotation marks omitted). Here, the ALJ thoroughly discussed the medical evidence, specifically noted Plaintiff has these two nonsevere impairments, and adequately took them into account.

## V. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the court affirm the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation by the 30th day of March, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned

further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 10th day of March, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE